**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**VINCENT DARNELL COSEY,**
    **Petitioner,**

  v.                Case No. 13-C-1437

**JAMES SCHWOCHERT,**
    **Respondent.**

---

**ORDER**

  Vincent Cosey has filed this petition pursuant to 28 U.S.C. § 2254. The magistrate judge to whom this case was initially assigned reviewed the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases and ordered the respondent to file an answer. Since then, petitioner has filed a motion to proceed in forma pauperis and a motion to appoint counsel. I address those motions in this order. In addition, I will set a briefing schedule on the merits of the petition.

  Petitioner has already paid the $5.00 filing fee for this action. The reason he has moved for leave to proceed in forma pauperis is to support his motion to appoint counsel by showing that he is unable to afford counsel. See 28 U.S.C. § 1915(e)(1). I have reviewed his motion and conclude that he is unable to afford counsel. However, at this point in the case, it appears that petitioner is competent to litigate on his own. Accordingly, although I will grant the motion for leave to proceed in forma pauperis, I will deny the motion to appoint counsel. See Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007) (en banc).

  When the magistrate judge reviewed the petition pursuant to Rule 4, he ordered the respondent to file a response to the petition and an optional brief, and also allowed the

petitioner to file a reply. I handle habeas cases a bit differently. Once the respondent has filed an answer, I expect the petitioner to file a brief in support of his petition, the respondent to file a brief in opposition, and then the petitioner to file a reply brief. Accordingly, the parties may ignore all parts of the magistrate's order except for the deadline for respondent to file an answer or dispositive motion. Instead, they shall follow the following briefing schedule: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed 30 pages and reply briefs must not exceed 15 pages, not counting any statements of facts, exhibits, and affidavits.

## CONCLUSION

**IT IS ORDERED** that petitioner's motion for leave to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion to appoint counsel is **DENIED**.

**FINALLY, IT IS ORDERED** that the parties follow the briefing schedule set forth above.

Dated at Milwaukee, Wisconsin, this 26th day of February, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge