UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

VINCENT D. COSEY,
    Petitioner,

v.             Case No. 13-C-1437

MARC CLEMENTS,
    Respondent.

---

## DECISION AND ORDER

  Vincent Cosey has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent has moved to dismiss the petition on the ground that it was filed after the expiration of the one-year statute of limitations under 28 U.S.C. § 2244(d).

  The judgment pursuant to which Cosey is confined was entered by a Wisconsin court on February 27, 2007. This judgment became final for purposes of 28 U.S.C. § 2244(d)(1) on February 1, 2010, which was 90 days after the Wisconsin Supreme Court denied review of the Wisconsin Court of Appeals's decision affirming the judgment of conviction. See Anderson v. Litscher, 281 F.3d 672, 674–75 (7th Cir. 2002). However, on August 10, 2009, prior to the completion of his direct appeal, Cosey filed a postconviction motion in the state trial court. Under 28 U.S.C. § 2244(d)(2), the federal one-year limitations period was tolled during the time that this motion was pending. The trial court denied the motion on March 1, 2010, and as far as the record reveals, Cosey did not seek review of the trial court's order. However, on April 20, 2010, Cosey filed a second postconviction motion in the state trial court. For purposes of the present motion, the respondent assumes that the statute of limitations remained tolled between the trial court's

dismissal of the first motion and Cosey's filing of the second motion. The trial court denied the second motion on June 25, 2010, and this time Cosey appealed. The Wisconsin Court of Appeals affirmed the trial court's order on October 11, 2012. Cosey then had thirty days to file a petition for review with the Wisconsin Supreme Court. See Wis. Stat. § 808.10(1). Cosey did not file anything with the supreme court within that time. However, on October 16, 2013, Cosey filed a document with the supreme court. The supreme court construed the document as a petition for review of the court of appeals's decision of October 11, 2012, and dismissed it as untimely on October 17, 2013. Cosey contends that the document was not actually a petition for review but was a petition to commence an original action under Wis. Stat. § 809.70.

Given the above procedural history, proceedings relating to Cosey's second postconviction motion ceased to be "pending" upon the expiration of the time for Cosey to file a petition for review in the supreme court of the court of appeals's decision affirming the trial court's denial of the motion. The last day on which Cosey could have filed such a petition was November 10, 2012. Thus, the federal one-year limitations period began to run the following day, November 11, 2012, and expired one year later. Even if it is assumed that Cosey's filing with the Wisconsin Supreme Court on October 16, 2013, tolled the limitations period, the proceeding relating to that filing ended on October 17, 2013, when the supreme court dismissed the petition. Thus, the federal one-year period would have been tolled for only one or two days. See Lawrence v. Florida, 549 U.S. 327, 332 (2007) (holding that state postconviction proceeding is no longer pending once state-court review is at an end; federal period is not tolled during time in which a petition for certiorari is pending). Cosey did not deposit his federal petition in the prison mailbox until December

2

17, 2013, more than a month after November 11, 2013, and so even if the limitations period had been tolled for an additional day or two the petition would be untimely.

No facts suggest that Cosey is entitled to equitable tolling or that he could support a claim of actual innocence. Nor are any other circumstances present which would permit a federal court to consider his petition at this time. Accordingly, the respondent's motion to dismiss will be granted.

For the reasons stated, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**. The Clerk of Court shall enter final judgment. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that the petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

**IT IS FURTHER ORDERED** that the petitioner's motion to reconsider appointment of counsel is **DENIED**.

Dated at Milwaukee, Wisconsin, this 19th day of September, 2014.

    s/ Lynn Adelman
    _____
    LYNN ADELMAN
    District Judge